### KRAMER v. POUNDS.

(Supreme Court, Appellate Term, First Department.   March 13, 1916.)

JOINT ADVENTURES ☞4(4)—GROUNDS OF RECOVERY—NONPERFORMANCE OF CON-
TRACT.
    Where plaintiff, interested with defendant and another in the develop-
ment of a tract of land, gave defendant his note for $1,000 on the under-
standing that, when defendant was reimbursed by a company to be or-
ganized by them, he would return the advancement to plaintiff, and de-
fendant discounted the note and advanced the money to their agent for
the uses of the syndicate, and when the company was organized the $1,000
was credited to defendant, and later returned to him in the shape of a
note of the company, which defendant indorsed and delivered to a third
party, plaintiff was entitled to judgment for the portion of the advance-
ment which had not been returned.
    [Ed. Note.—For other cases, see Joint Adventures, Cent. Dig. § 6; Dec.
Dig. ☞4(4).]

Appeal from Municipal Court, Borough of Manhattan, Fifth Dis-
trict.

Action by Ernest W. Kramer against Lewis H. Pounds. From a judgment for defendant after trial before the court without a jury, plaintiff appeals. Reversed, and judgment directed for plaintiff.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Williams & Thomas, of New York City (Joseph M. Williams, of New York City, of counsel), for appellant.

Bassett, Thompson & Gilpatric, of New York City (W. W. Thomp-
son, of New York City, of counsel), for respondent.

PER CURIAM. In the fall of 1912 plaintiff, with defendant and one Williamson, was interested in the development of a tract of land in New Jersey, and one Cox was their active representative and agent in connection therewith. In December, 1912, plaintiff advanced to the syndicate $5,000, for which he was to receive stock in a company to be formed to the extent of a quarter interest therein. To meet mortgage interest, it became necessary, in January, 1913, for the as-
sociates to raise money, and plaintiff gave to defendant his note for $1,000 as his share thereof. Defendant discounted said note and de-
posited the avails thereof in his personal bank account, and from time to time paid over to Cox for the uses of the syndicate the said $1,000,

together with $80 additional advanced by himself. When the company was organized in July, 1913, this $1,080 was credited to defendant upon the books thereof, and later returned to him in the shape of a note of the company, which defendant indorsed and delivered to one Cranford, who subsequently surrendered the same to the company and received stock therefor. Plaintiff has received from defendant and Williamson $750 of the advancement in question, and seeks to recover from defendant the balance thereof, on the theory of money had and received. The answer is a denial.

The judgment rendered for defendant we think unauthorized upon the facts presented. It is clearly apparent that the $1,000 advancement made by plaintiff was upon the distinct understanding, had with defendant, that when he (defendant) was reimbursed therefor by the company that he would return the same to plaintiff. The proof shows that the company has liquidated this $1,000 indebtedness in the manner above described. What Cranford, the transferee of the note received by defendant in payment of the company's indebtedness, did therewith, is of no concern in this litigation.

Judgment for defendant reversed, with $30 costs, and judgment directed for plaintiff for $250, with interest and appropriate costs in the court below.